# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CORWIN PECK, JR.,                                                                                                           PLAINTIFF
ADC #149598

v.                                          5:19CV00092-JM-JTK

ARKANSAS DEPARTMENT OF CORRECTION                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Corwin Peck is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action against Defendants. By Order dated March 18, 2019, (Doc. No. 4), this Court granted Plaintiff's Motion to Proceed in forma pauperis. However, finding that Plaintiff's allegations failed to state a constitutional claim for relief, the Court directed Plaintiff to submit an Amended Complaint within thirty days, and provided specific directions as to the information he should include. (Id.) After Plaintiff submitted an Amended Complaint (Doc. No. 5), the Court directed him to submit a Second Amended Complaint clarifying his allegations against Defendant Payne, and again specifically instructed him about what information was needed. (Doc. No. 6)

Plaintiff has now submitted a Second Amended Complaint (Doc. No. 7).   Having reviewed such, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.  Facts and Analysis

The Court noted in the April 18, 2019 Order that it was not clear from Plaintiff's prior submissions "whether Defendant Payne was responsible for disseminating the information about Plaintiff's PREA complaint, or how he failed to protect Plaintiff. In addition, Plaintiff is not specific about the PREA complaint he filed, how other inmates became aware of it, or how Plaintiff was threatened." (Doc. No. 6)   The Court then provided Plaintiff a final opportunity in which to amend his complaint, and as in the prior Order, specifically directed him about what information to include. (Id., p. 2)

Plaintiff's original and amended complaints are difficult to decipher, and involve several different allegations written in the margins of his Statement of Claim.   He appears to allege that he called the PREA hotline to complain about a non-party female guard "that all the inmates like," to complain that "she was discriminating sexual pleasures towards me that she let other inmates get." (Doc. No. 7, p. 4) Evidently, the other inmates became aware of his complaint and Plaintiff now fears for his safety. Defendant Payne, as Assistant Director of the ADC, responds to grievances, and allegedly failed to properly investigate a grievance Plaintiff submitted. (Id., p. 5)

Initially, the Court notes that the Arkansas Department of Correction is an agency of the State of Arkansas, and therefore, is protected from § 1983 liability by Eleventh Amendment immunity. See Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988). Next, in order to state a

constitutional claim for failure to protect, Plaintiff must allege Defendant was deliberately indifferent to the need to protect him from a substantial risk of serious harm. Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997). This claim has two components, an objective one asking whether there was a substantial risk of harm to the inmate, and a subjective one asking whether the prison official was deliberately indifferent to that risk. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000). In this particular case, however, Plaintiff does not allege that Defendant Payne was responsible for disseminating information about Plaintiff filing a PREA complaint, or knew of specific risks of harm to Plaintiff. In addition, Plaintiff does not allege any harm or injury. Payne's mere involvement as a responder to a grievance also does not support a constitutional claim for relief. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)).

Therefore, the Court finds that Plaintiff's allegations fail to support a constitutional claim for relief against Defendants.

**IV. Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaints (Doc. Nos. 2, 5, 7) against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

    3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 15th day of May, 2019.

    _____
    JEROME T. KEARNEY
    UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.